UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>T. VIRGA, et al.,<br><br>        Defendants. | No. 2:13-cv-1751 KJN P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has also filed a motion for extension of time to file a complaint and to submit an application to proceed in forma pauperis. Good cause appearing, this request is granted.

Plaintiff also alleges that his legal property is being withheld and requests that the court order prison officials to return it to plaintiff. Plaintiff does not discuss why his legal property is being withheld or what attempts he has made to have it returned. Plaintiff also does not identify any prison official who has denied his request for the return of his legal property. Accordingly, plaintiff's request for the court to order prison officials to return his legal property is denied without prejudice. A renewed request for the court to order prison officials to return plaintiff's legal property must be well supported.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 8) is granted; and

3. Plaintiff is granted thirty days from the date of this order in which to file a complaint and to submit an application to proceed in forma pauperis.

Dated: November 13, 2013

farl1751.31kjn+36

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2