UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY, | No. 2:13-cv-1751 KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 9, 2014, the court found that plaintiff's amended complaint stated a colorable claim for relief as to defendants Virga, Delaney, May, Higgins, Gonzales, Scoggins, Meirs, Hamkar, Curren and Stewart. Plaintiff was directed to return the following forms within thirty days necessary to effect service: one summons, ten USM-185 forms and eleven copies of the amended complaint.

On February 4, 2014 plaintiff submitted the summons and USM-285 forms. Plaintiff requests an extension of time to submit the copies of the complaints on grounds that he has not had adequate law library access. Good cause appearing, this request is granted.

Plaintiff has also filed a motion for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may

1

request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  It is too early in this action to determine that appointment of counsel is warranted.

In a separate letter, plaintiff requests that the court appoint attorney Mario Desolenni to represent him in this action.  While the court denies plaintiff's request for counsel at this time, plaintiff may, on his own, seek representation by attorney Desolenni.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days to submit the copies of the complaint necessary for service; and
2. Plaintiff's motion for the appointment of counsel (ECF No. 21) is denied without prejudice.

Dated: February 10, 2014

farl1751.31kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE