UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY,<br><br>    Plaintiff,<br><br>   v.<br><br>T. VIRGA, et al.,<br><br>    Defendants. | No. 2: 13-cv-1751 KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 3, 2013, plaintiff consented to the jurisdiction of the undersigned. (ECF No. 4.) This action is proceeding on the amended complaint filed November 13, 2013. (ECF No. 11.) All defendants are located at California State Prison-Sacramento ("CSP-Sac"). Plaintiff is now housed at California State Prison-Corcoran ("Corcoran").

    On March 31, 2014, plaintiff filed a "motion for modification of the case." (ECF No. 36.) In this motion, plaintiff requests that Dr. Gill be added as a defendant. The court construes plaintiff's motion for modification as a motion to amend his complaint to include claims against Dr. Gill. Plaintiff's motion was not, however, accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Accordingly, plaintiff's motion for modification of

1

1  the case, construed as a motion to amend, is denied.

2  In plaintiff's March 31, 2014 motion, plaintiff alleges that Dr. Gill took his wheelchair away which made it unable for plaintiff to get his Keyhea medications, food, drink, etc. Plaintiff also alleges that he does not have access to his legal property because he is on suicide watch. On April 11, 2014, plaintiff filed a letter with the court stating that he was being denied access to his legal property and the law library. Plaintiff alleges that he was placed on suicide watch after he began cutting himself. Plaintiff alleges that the stress of this case, not being able to get medical treatment, not being able to get legal representation and his deteriorating mental health became too much for him to handle. Plaintiff alleges that the plan is to keep him on suicide watch for a long time.

11  The court is concerned with plaintiff's claim that his wheelchair was improperly confiscated, as a result of which he could not obtain his medication, food, drink, etc. Plaintiff's allegations suggest that he began cutting himself, in part, due to the confiscation of his wheelchair. The court is also concerned with plaintiff's claim that he will be on suicide watch for a long time, during which time he will be without access to his legal property or the law library.

16  No defendants are located at Corcoran. Accordingly, the court directs Supervising Deputy Attorney General Monica Anderson to file a status report within fourteen days addressing the court's concerns set forth above.

19  Accordingly, IT IS HEREBY ORDERED that:

20  1. Plaintiff's motion to modify his case (ECF No. 36) is denied;

21  2. Within fourteen days of the date of this order, Supervising Deputy Attorney Monica Anderson shall file the status report discussed above; and

23  3. The Clerk of the Court is directed to serve this order and plaintiff's March 31, 2014 motion (ECF No. 36) and April 11, 2014 letter (ECF No. 38) on Supervising Deputy Attorney General Monica Anderson.

26  Dated:  April 28, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28  Far1751.ord