1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM D. FARLEY,                      No.  2:  13-1751 KJN P

12                    Plaintiff,

13         v.                                 ORDER

14    T. VIRGA, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  This action is proceeding on the amended complaint filed November 13,

19    2013.  (ECF No. 11.)  All defendants are located at California State Prison-Sacramento ("CSP-

20    Sac").  Plaintiff is now housed at California State Prison-Corcoran ("Corcoran").

21         On March 31, 2014, plaintiff filed a "motion for modification of the case."  (ECF No. 36.)

22    In this motion, plaintiff alleged that Dr. Gill took his wheelchair away which made it unable for

23    plaintiff to get his Keyhea medications, food, drink, etc.  Plaintiff also alleged that he did not have

24    access to his legal property because he was on suicide watch.  Plaintiff alleged that the stress of

25    this case, not being able to get medical treatment, not being able to get legal representation and

26    his deteriorating mental health became too much for him to handle.  On April 11, 2014, plaintiff

27    filed a letter containing allegations similar to those contained in his March 31, 2014 motion.

28    (ECF No. 38.)

1

Because no defendants are located at Corcoran, on April 28, 2014, the court directed the Supervising Deputy Attorney General to file a status report addressing the following issues: 1) whether plaintiff's wheelchair was improperly confiscated; 2) whether plaintiff was able to obtain medication, food, drink, etc.; 3) whether plaintiff had access to his legal property; and 4) the reason plaintiff was placed on suicide watch.

On May 12, 2014, the Supervising Deputy Attorney General filed a status report in response to the April 28, 2014 order.  The status report states that according to Corcoran Chief Physician Dr. McCabe, since May 2013 plaintiff has reported that he is unable to move or feel his entire right leg.  Plaintiff has a diagnosis of lumbar radiculopathy, which can cause radicular pain in the legs as a result of compression or inflammation of a spinal nerve.  To reach this conclusion, plaintiff underwent extensive testing including nerve conduction velocity and electromyogram tests on January 13 and 17, 2014.  The motor nerve conduction studies were all within normal range.  CT scans of plaintiff's spine have not yielded any acute findings.  A lumbar MRI revealed spondylolisthesis (a condition that occurs as a consequence of the general aging process when one vertebra slips forward over the one below it), with bilateral posterior disc bulges associated with annular tear at L4-L5 spine.

The status report also states that plaintiff received physical therapy evaluations at Corcoran.  When the therapist attempted to explain the results of plaintiff's nerve conduction velocity and an electromyogram test result to him on March 14, 2014 and April 29, 2014, plaintiff misleadingly claimed he had never received diagnostic tests.  The physical therapist reported that plaintiff's alleged symptoms were atypical given his examination and findings that there is no atrophy to the muscles of the right leg and that plaintiff's reflexes are all normal.  The physical therapist noted that plaintiff did not put forth any effort during his evaluations and refused to participate, simply stating that he would remain in a "crisis bed" until he was given his wheelchair.  And, the prison has video of plaintiff walking around when he arrived at Corcoran, which contradicts his claim about being unable to ambulate without a wheelchair.

The status report states that no diagnostic studies, findings or reports of physical therapy evaluations are consistent with plaintiff's claim of degree of motor and sensory deficits.  The

2

1   status report states that there is currently no objective evidence indicating that plaintiff has a

2   medical necessity for a wheelchair or any other assistive device.

3       Regarding plaintiff's claim that he was unable to get his medications, food, water, etc., the

4   status report states that Dr. Harris, Senior Psychologist, states that plaintiff is currently taking his

5   medications.  Plaintiff is eating sufficiently and drinking fluids.  Plaintiff admitted to nursing staff

6   that at one time he was not eating because he wanted a permanent wheelchair, surgery on his back

7   and a change in medications.  Plaintiff denies all suicide and homicidal thoughts and feelings

8   unless it is related to not having his wheelchair.  Dr. Harris discussed sending plaintiff to the

9   Department of State Hospitals, but plaintiff admits that he does not want nor need mental health

10  treatment and is using the Mental Health Crisis Bed ("MHCB") as a manipulation to gain

11  attention to his alleged wheelchair and medical issues.  Plaintiff will likely be referred to a higher

12  level of care (Enhanced Outpatient Program) once he is discharged from the MHCB.

13      Regarding plaintiff's claim alleging inadequate access to his legal materials, the status

14  report states that because plaintiff is on suicide watch, he is not allowed access to the prison's law

15  library or his legal property.  Suicidal inmates are not allowed to have all of their possessions

16  while in a MHCB in order to protect their safety and facilitate their therapy and treatment.

17  Plaintiff has remained on suicide watch because he continues to threaten suicide since he does not

18  have a wheelchair.

19      As discussed above, no defendants are located at Corcoran.  Therefore, the court would be

20  required to invoke the All Writs Act were it to issues orders directed to prison officials at

21  Corcoran.  See 28 U.S.C. § 1651(a).  Based on the information in the status report described

22  above, the court finds that invocation of the All Writs Act regarding the issues raised in plaintiff's

23  pleadings filed March 31, 2014 and April 11, 2014 is not appropriate.  Plaintiff may pursue his

24  claims regarding conditions at Corcoran in a civil rights action filed in the Fresno Division of the

25  United States District Court for the Eastern District of California.

26  ////

27  ////

28  ////

3

1    Accordingly, IT IS HEREBY ORDERED that no further orders will issue regarding the

2   issues raised in plaintiff's pleadings filed March 31, 2014 (ECF No. 36) and April 11, 2014 (ECF

3   No. 38).

4   Dated:  May 15, 2014

5

6   Far1751.ord(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28