UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY, | No. 2:13-cv-1751 KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff has filed two motions for a sixty day extension of time to file and serve an opposition to defendants' May 7, 2014 motion to dismiss. (ECF Nos. 46, 49.) The grounds of these motions are that plaintiff is on suicide watch and has limited access to his legal materials and the law library. Good cause appearing, plaintiff is granted an extension of sixty days to file his opposition.

On May 23, 2014, plaintiff filed a motion requesting that he be provided with a typewriter or word processor in order to prepare his pleadings. Plaintiff apparently does not have access to a typewriter or word processor because he is on suicide watch. Plaintiff does not require access to a typewriter or word processor in order to prosecute this action. Accordingly, this motion is denied.

////

////

1    Plaintiff has also filed a motion requesting appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff has filed a motion for leave to file an amended complaint. Plaintiff's motion was not, however, accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Since plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for an extension of time (ECF Nos. 46, 49) are granted;

2. Plaintiff is granted sixty days from the date of this order in which to file and serve his opposition to defendants' motion to dismiss; defendants' reply, if any, shall be filed within seven days thereafter;

3. Plaintiff's motion for access to a word processor or typewriter (ECF No. 48) is denied;

4. Plaintiff's motion for appointment of counsel (ECF No. 51) is denied; and

     5. Plaintiff's motion for leave to file an amended complaint (ECF No. 52) is denied.

Dated: May 29, 2014

Farl1751.36

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE