UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY, | No. 2:13-cv-1751 KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Pending before the court is plaintiff's June 10, 2014 third motion for an extension of time to file his opposition to defendants' motion to dismiss. (ECF No. 57.) Plaintiff requests sixty days to file his opposition. On May 29, 2014, the court granted plaintiff sixty days to file his opposition. (ECF No. 53.) It seems likely that plaintiff had not received the May 29, 2014 order when he prepared the pending motion for extension of time. Accordingly, plaintiff's June 10, 2014 motion for an extension of time is denied as unnecessary based on the May 29, 2014 order granting him sixty days to file his opposition.

On June 10, 2014, plaintiff filed a motion for the appointment of counsel. (ECF No. 58.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional
2   circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
3   well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the
4   legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not
5   abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional
6   circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of
7   legal education and limited law library access, do not establish exceptional circumstances that
8   warrant a request for voluntary assistance of counsel.
9        Having considered the factors under Palmer, the court finds that plaintiff has failed to
10  meet his burden of demonstrating exceptional circumstances warranting the appointment of
11  counsel at this time.
12       On June 10, 2014, plaintiff filed a motion requesting that he be permitted to take
13  defendants' depositions.  (ECF No. 54.)  In this motion, plaintiff does not indicate how he will
14  pay for the depositions.  In this action, plaintiff is proceeding in forma pauperis.  The expenditure
15  of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  See
16  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize
17  the expenditure of public funds to pay for the costs of defendants' depositions.  See 28 U.S.C. §
18  1915.  Accordingly, plaintiff's motion to take defendants' depositions is denied because plaintiff
19  does not demonstrate an ability to pay for the depositions.
20       On June 10, 2014, plaintiff filed a motion requesting that he be examined by an outside
21  doctor pursuant to Federal Rule of Civil Procedure 35.  (ECF No. 55.)  Plaintiff requests that he
22  be examined by an outside doctor in order to bring facts to the court's attention that defendants
23  are covering up.
24       Federal Rule of Civil Procedure 35 authorizes the court to order a party to submit to a
25  physical examination at the request of an opposing party.  This rule does not authorize the court
26  "to appoint an expert to examine a party wishing an examination of himself."  Smith v. Carroll,
27  602 F.Supp.2d 521, 526 (D.Del. 2009).  Accordingly, plaintiff's motion for a physical
28  examination pursuant to Federal Rule of Civil Procedure 35 is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 57) is denied;
2. Plaintiff's motion for the appointment of counsel (ECF No. 58) is denied;
3. Plaintiff's motion for oral depositions (ECF No. 54) is denied; and
4. Plaintiff's motion to be examined by an outside doctor (ECF No. 55) is denied.

Dated: July 10, 2014

farl1751.36.sec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE