UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM D. FARLEY,

Plaintiff,

v.

T. VIRGA, et al.,

Defendants.

No. 2: 13-cv-1751 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Motions for Extension of Time

On May 7, 2014, defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 42.) On May 29, 2014, the court granted plaintiff's request for a sixty day extension of time to file his opposition to defendants' motion. (ECF No. 53.) At that time, plaintiff was housed at California State Prison-Corcoran ("Corcoran").

On July 17, 2014, and July 29, 2014, plaintiff filed motions requesting an additional sixty days to file his opposition. (ECF Nos. 63, 68.) Plaintiff is now housed at the California Health Care Facility ("CHCF") in Stockton. In the motion filed July 29, 2014, plaintiff alleges that he does not have access to his legal property. (ECF No. 68.) Plaintiff also alleges that he does not

have access to the law library. (Id.) Good cause appearing, plaintiff is granted sixty days to file his opposition to defendants' motion to dismiss.

Motion for Examination by Outside Doctor

On July 17, 2014, plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 35, requesting that he be examined by an outside doctor. (ECF No. 61.) Plaintiff alleges that an examination by an outside doctor will demonstrate that defendants are trying to cover up facts regarding plaintiff's case, such as the severity of his injury, etc. (Id.)

On June 10, 2014, plaintiff filed a motion requesting that he be examined by an outside doctor on the same grounds as alleged in the pending motion. (ECF No. 55.) On July 10, 2014, the court denied this motion on grounds that Federal Rule of Civil Procedure 35 authorizes the court to order a party to submit to a physical examination at the request of the opposing party. (ECF No. 59.) Rule 35 does not authorize the court "to appoint an expert to examine a party wishing an examination of himself." Smith v. Carroll, 602 F.Supp.2d 521, 526 (D.Del. 2009). For the reasons stated in the July 10, 2014 order, plaintiff's July 17, 2014 motion to be examined by an outside doctor is denied.

Submission of Medical Records

Plaintiff recently submitted a large stack of medical records. At this time, plaintiff is not required to submit these records as no matters are pending requiring consideration of these records, such as a summary judgment motion.[1] For this reason, the court herein directs the Clerk of the Court to return these records to plaintiff.

Motions for Legal Supplies, Law Library Access, Legal Copying Services

On July 17, 2014, and July 25, 2014, plaintiff filed motions requesting that the court order officials at the CHCF to provide him with legal supplies, law library access and legal copying services. (ECF Nos. 60, 66.)

---

[1] Defendants' pending motion to dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Generally, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.9 (9th Cir. 1990). Therefore, the court would not consider plaintiff's medical records in evaluating defendants' motion to dismiss.

Attached to plaintiff's July 17, 2014 motion is a memorandum dated June 24, 2014, addressed to this court from CHCF Facility Captain Hubach. (ECF No. 60 at 5.) This memorandum states that plaintiff has been an inpatient at the CHCF since June 3, 2014. (Id.) During this time, plaintiff's mental health status and treatment regime have severely restricted plaintiff's access to his legal documents and legal library usage. (Id.) Captain Hubach requests that consideration be given to extending plaintiff's court deadline in this action due to this restricted access. (Id.)

As discussed above, the court has granted plaintiff an additional sixty days to prepare and file his opposition to defendants' pending motion to dismiss. If plaintiff is not granted access to his legal property and the law library within that time, he may re-submit a motion for access to his legal property and the law library. A renewed motion must be well supported.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for extension of time (ECF Nos. 63 and 68) are granted; plaintiff is granted sixty days from the date of this order to file his opposition to defendants' motion to dismiss;
2. Plaintiff's motion for an examination by an outside doctor (ECF No. 61) is denied;
3. Plaintiff's motions for access to his legal property and the law library (ECF Nos. 60 and 66) are denied without prejudice; and
4. The Clerk of the Court is directed to return to plaintiff the medical records submitted by plaintiff to the court.

Dated: August 5, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

farl1751.36(2)