UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| WILLIAM D. FARLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>T. VIRGA, et al.,<br><br>        Defendants. | CIV. NO. 2:13-1751 WBS KJN P<br><br>ORDER RE: FINDINGS AND RECOMMENDATIONS |

----oo0oo----

Plaintiff William D. Farley is a state prisoner, proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c)(17). Plaintiff initially filed his Complaint while incarcerated at California State Prison-Sacramento ("CSP-Sac"). (See Pl.'s Compl. (Docket No. 1)) In

1

1   February 2014, he was transferred to California State Prison-
2   Corcoran ("CSP-Corcoran").  (See Docket No. 25.)

3          On June 10, 2014, plaintiff moved for a preliminary
4   injunction, requesting that "defendants and the [California
5   Department of Corrections and Rehabilitation ("C.D.C.R.")]
6   medical and mental health services" provide him with certain
7   health care.  (Pl.'s Mot. for Prelim. Inj. at 1-2 (Docket No.
8   56).)  Plaintiff also requested an injunction preventing
9   "defendants" and "all persons acting in concert or participation
10  with them" from, among other things, removing his wheelchair,
11  withholding certain property, and limiting access to the prison's
12  law library.  (Id. at 1, 3.)  In his July 18, 2014, Findings and
13  Recommendations ("F&Rs"), the Magistrate Judge construed this
14  motion as directed against prison officials at CSP-Corcoran,
15  where plaintiff is currently housed.  (F&Rs at 1 (Docket No.
16  65).)  After finding that all named defendants are located at
17  CSP-Sac, the Magistrate Judge recommends denying plaintiff's
18  motion for injunctive relief because plaintiff requests relief
19  from individuals who are not parties to this lawsuit.  (Id. at 1-
20  2.)  Plaintiff timely filed an objection.  (Docket No. 67.)

21         Courts can issue orders only against individuals who
22  are a party to the lawsuit pending before them.  See Zenith Radio
23  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  To
24  the extent that plaintiff requests an injunction directing
25  particular CSP-Corcoran officials to take or refrain from certain
26  actions, the court cannot grant such an order because none of the
27  defendants in this action work at CSP-Corcoran.
28

The question remains, however, whether an injunction directed to any of the named defendants could indirectly provide plaintiff with some of his requested relief. "[A] decree of injunction not only binds the parties . . . but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 14 (1945). See Fed. R. Civ. P. 65(d)(2) ("[t]he order binds . . . the parties' officers, agents, servants, employees, and attorneys" who receive actual notice of it).

Plaintiff names ten defendants in this case: T. Virga, Warden at CSP-Sac, seven prison officials employed at CSP-Sac, and Drs. Hamkar and Curren. (See Pl.'s Am. Compl. at 2.) In his objections to the F&Rs, plaintiff points out that Drs. Hamkar and Curren are employed by the C.D.C.R. (See Pl.'s Objections at 2.) While service of process was directed to these defendants at CSP-Sac, (see Docket No. 44), it is not clear whether these doctors work solely at CSP-Sac or provide services at multiple prisons. Nor is it clear whether these doctors have the authority to deliver mental and medical care to plaintiff at CSP-Corcoran. Defendants' location does not conclusively indicate the scope of their authority. Without further investigation into this matter, the court cannot conclude that an injunction directed against Dr. Hamkar or Dr. Curren could not provide the plaintiff with relief.

IT IS THEREFORE ORDERED that plaintiff's request for injunctive relief be, and the same hereby is, REMANDED to the Magistrate Judge for further consideration of whether an

injunction directed to any of the named defendants could provide the plaintiff with the relief he requests.

Dated:  September 22, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE