1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM D. FARLEY,                          No.  2:  13-cv-1751 WBS KJN P

12              Plaintiff,

13        v.                                       ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    T. VIRGA, et al.,

15              Defendants.

16

17    Introduction

18          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19    to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss for failure to state

20    a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 42.)  For the

21    following reasons, the undersigned recommends that defendants' motion be granted.

22          At the outset, the undersigned observes that defendants' motion to dismiss is submitted for

23    decision without an opposition from plaintiff.  Plaintiff previously sought several requests for

24    extension of time to file his opposition, which the undersigned granted.  (See ECF No. 83.)  On

25    October 31, 2014, plaintiff filed a request for a 180 day extension of time to file his opposition.

26    ////

27    ////

28    ////

                                                  1

1  (ECF No. 82.)  On November 13, 2014, the undersigned denied this request for extension of time

2  and ordered that defendants' motion to dismiss was submitted for decision.[1]  (ECF No. 83.)

3        The motion to dismiss is made on behalf of all defendants ordered served except for

4  defendant Curren.  On May 13, 2014, service on behalf of defendant Curren was returned

5  executed.  (ECF No. 44.)  Accordingly, defendant Curren is ordered to show cause why default

6  should not be entered for his failure to file a timely response to the amended complaint.[2]

7  Legal Standard for Motion to Dismiss

8        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

9  "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

10  considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

11  must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

12  (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

13  McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

14  1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

15  than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

16  cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

19  upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

20  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

21  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

22  U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes

23  of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,

24  896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

25  _____

26  [1]  On December 24, 2014, plaintiff filed a motion for reconsideration of the November 13, 2014
order.  (ECF No. 85.)  On January 21, 2015, the Honorable William B. Shubb denied this motion

27  as untimely.  (ECF No. 86.)

28  [2]  The court does not favor the filing of piecemeal motions to dismiss.

2

1    A motion to dismiss for failure to state a claim should not be granted unless it appears

2    beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

3    entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se

4    pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

5    404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz

6    v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal

7    interpretation of a pro se complaint may not supply essential elements of the claim that were not

8    pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

9    Plaintiff's Claims

10    This action is proceeding on the amended complaint filed November 13, 2013, as to

11    defendants Warden Virga, Delaney, May, Higgins, Gonzales, Scoggins, Meirs, Dr. Hamkar, Dr.

12    Curren and Stewart.  (ECF No. 11.)  All events alleged occurred at California State Prison-

13    Sacramento ("CSP-Sac.")

14    Plaintiff alleges that in February 2013, defendant Delaney sexually battered him while he

15    was in the holding cage.  (Id. at 4.)  Plaintiff alleges that in April 2013, defendant Higgins

16    sexually battered him.  (Id.)  Plaintiff alleges that in April 2013, defendant May sexually battered

17    him.  (Id.)

18    Plaintiff alleges that on May 3, 2013, he was put on "CTC-2" where he reported the

19    sexual batteries to defendant Dr. Curren.  (Id.)  Defendant Dr. Curren told plaintiff that it was a

20    custody issue.  (Id.)  Plaintiff alleges that from May 3, 2013, through May 30, 2013, he sought

21    protection from defendants Delaney and Higgins.  (Id. at 3.)  Plaintiff alleges that he reported the

22    sexual battery to defendants Meirs and Stewart.  (Id.)

23    Plaintiff refused to be taken off suicide watch until May 30, 2013, when defendant Meirs

24    ordered plaintiff to go to building B-3 even after plaintiff told him that he feared for his safety.

25    (Id. at 4.)  Plaintiff alleges that he was on B-3 for less than one hour when he was placed in

26    restraints and severely beaten by six officers.  (Id.)  As a result of the beating, plaintiff was

27    paralyzed from the lower back down the right leg.  (Id. at 3.)

28    ////

3

1   Plaintiff did not receive medical treatment for the beating for twenty-one days, at which

2   point a doctor had plaintiff sent in an ambulance to an outside hospital.  (Id.)  Once plaintiff

3   returned from the hospital, he received no further medical treatment.  (Id.)

4   In June 2013, defendant Gonzales sexually battered plaintiff.  (Id. at 5.)  In August 2013,

5   an unnamed correctional official sexually battered plaintiff.  (Id.)

6   On September 8, 2013, defendant Scoggins sexually battered plaintiff.  (Id.)  As this was

7   the sixth sexual assault plaintiff had at CSP-Sac, plaintiff took over 150 pills in an attempt to end

8   his life.  (Id.)

9   Plaintiff alleges that defendant Dr. Hamkar refused to give plaintiff any pain medication

10   other than Tylenol, even though he knew that plaintiff could not walk.  (Id.)  Plaintiff also alleges

11   that "they" were refusing to let him use his wheelchair inside his cell.  (Id.)  Plaintiff alleges that

12   it was known that he would have to have surgery on his lumbar spine.  (Id.)

13   Plaintiff seeks injunctive and monetary relief.

14   Discussion

15   *Warden Virga*

16   Defendants move to dismiss the claims against defendant Warden Virga on the grounds

17   that plaintiff failed to allege his involvement in any of the alleged deprivations.

18   The Civil Rights Act under which this action was filed provides as follows:

19   Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
20   deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
21   law, suit in equity, or other proper proceeding for redress.

22   42 U.S.C. § 1983.

23   The statute requires that there be an actual connection or link between the actions of the

24   defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

25   Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to

26   attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative

27   link between the incidents of police misconduct and the adoption of any plan or policy

28   demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

4

1    to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

2    affirmative act, participates in another's affirmative acts or omits to perform an act which he is

3    legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

4    588 F.2d 740, 743 (9th Cir. 1978).

5            Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

6    their employees under a theory of respondeat superior and, therefore, when a named defendant

7    holds a supervisorial position, the causal link between him and the claimed constitutional

8    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

9    (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

10   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

11   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

12   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

13   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

14   participation is insufficient).

15           The undersigned agrees with defendants that the amended complaint does not link

16   defendant Virga to the alleged deprivations.

17           To the extent plaintiff may argue that he is seeking injunctive relief against defendant

18   Virga, it is not necessary to allege the personal involvement of a state official when plaintiff

19   attacks a *state procedure* on federal grounds that relates in some way to the *job duties* of the

20   named defendant.  All that is required is that the complaint name an official who could

21   appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington

22   v. Grayson, 764 F.Supp. 464, 475–477 (E.D.Mich. 1991); Malik v. Tanner, 697 F.Supp. 1294,

23   1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief,

24   may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive

25   Health Care v. Arft, 454 F.Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman,

26   753 F.2d 779 (9th Cir. 1985).  In the instant case, plaintiff does not attack a state procedure

27   related to defendant Virga's job duties.

28   ////

                                                         5

1       Moreover, court records indicate that plaintiff is no longer housed at CSP-Sac.  Plaintiff is

2  now housed at California State Prison-Corcoran ("Corcoran").  (ECF No. 87.)  A prisoner's

3  transfer away from the institution at which the challenged conduct is occurring will generally

4  moot any claims for injunctive relief relating to the prison, unless the suit is certified as a class

5  action.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995).  The claim is not moot, however, if

6  there is a likelihood of recurrence.  Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir. 2004)

7  (quotation marks omitted).  The capable-of-repetition-yet-evading-review exception to the

8  mootness doctrine applies when (1) the duration of the challenged action is too short to be

9  litigated prior to cessation, and (2) there is a reasonable expectation that the same party will be

10  subjected to the same offending conduct.  Demery, 378 F.3d at 1026.  In the instant case, there is

11  no showing that it is likely that plaintiff will be transferred back to CSP-Sac.

12       For the reasons discussed above, defendants' motion to dismiss defendant Virga should be

13  granted.

14       *Eleventh Amendment Claim for Damages*

15       Defendants move to dismiss all claims against them for damages in their official

16  capacities.  Defendants are correct that the Eleventh Amendment bars damages actions against

17  state actors acting in their official capacities.  Will v. Michigan Dep't of State Police, 491 U.S.

18  58, 71 (1989); Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir. 2007).  Accordingly,

19  defendants' motion to dismiss the claims for damages against them in their official capacities

20  should be granted.  Plaintiff's claim for damages against defendants in their individual capacities

21  is not dismissed.

22       *Eighth Amendment Claim Against Defendant Dr. Hamkar*

23       Defendants argue that plaintiff's allegations against defendant Dr. Hamkar are insufficient

24  to state an Eighth Amendment claim.

25       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

26  must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

27  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for

28  deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

1  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

2  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

3  was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050,

4  1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

5  1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by

6  "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm

7  caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  A difference of opinion

8  about the proper course of treatment is not deliberate indifference, nor does a dispute between a

9  prisoner and prison officials over the necessity for or extent of medical treatment amount to a

10  constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

11     Plaintiff alleges that Dr. Hamkar refused to give plaintiff any pain medication other than

12  Tylenol, even though he knew that plaintiff could not walk.  (ECF No. 11 at 5.)  Plaintiff also

13  alleged that "they" refused to let him use his wheelchair inside his cell.  (Id.)  Plaintiff alleges that

14  it was known that he would have to have surgery on his lumbar spine.  (Id.)

15     Defendants argue that plaintiff's allegation that defendant Hamkar did not prescribe

16  medication stronger than Tylenol alleges no more than a difference of opinion regarding

17  treatment.  A prisoner need only receive adequate treatment, not his chosen treatment. Herrera v.

18  Beregovskays, 2013 WL 6572585 at *3 (E.D. Cal. 2013), citing Hill v. Curcione, 657 F.3d 116,

19  123 (2d Cir. 2011).  A failure to provide a prisoner with stronger pain medication is not

20  indifference where no medical provider recommended treatment different from that provided, or

21  acted with a culpable mind. Id., citing Hill, 657 F.3d at 123; Rush v. Fischer, 923 F.Supp.2d 545,

22  554–55 (S.D.N.Y. 2013) (prison nurse's refusal to provide narcotic medication to manage pain

23  not indifference where ibuprofen was provided and facility doctors also refused narcotic

24  medication).  The undersigned agrees that plaintiff's claim suggesting that Tylenol was

25  inadequate to treat his pain does not state a potentially colorable Eighth Amendment claim for

26  relief.

27     Plaintiff also alleges that "they" would not let him use his wheelchair inside his cell.

28  However, plaintiff does not identify the "they."  For that reason, plaintiff has not adequately

7

1   linked defendant Hamkar to this claim.

2          For the reasons discussed above, defendants' motion to dismiss defendant Hamkar should

3   be granted.

4          *State Law Claims*

5          Defendants construe plaintiff's amended complaint to allege state law claims against

6   defendants Delaney, May, Scoggin, Higgins and Gonzales for sexual battery.  Defendants move

7   to dismiss the state law claims on grounds that plaintiff failed to allege compliance with the claim

8   presentation requirement of California's Government Claims Act ("Claims Act").  It is not clear

9   that plaintiff is alleging state law claims against these defendants.  However, in an abundance of

10  caution, the undersigned herein addresses defendants' argument that plaintiff did not comply with

11  the Claims Act.

12         The Claims Act requires that a tort claim against a public entity or its employees be

13  presented to the California Victim Compensation and Government Claims Board generally no

14  more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2,

15  945.4.  Presentation of a written claim, and action on or rejection of the claim are conditions

16  precedent to suit.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007); State v.

17  Superior Court of Kings Cnty. (Bodde ), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San

18  Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v.

19  California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against

20  a public employee, a plaintiff must allege compliance with the Act.  Shirk, 42 Cal.4th at 209;

21  Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police

22  Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

23         Defendants argue that plaintiff alleges no facts alleging compliance with the Claims Act

24  or that he is excused from the claim presentation requirement of the Claims Act.

25         Defendants also submitted documents demonstrating that plaintiff did not submit a timely

26  claim, as required by the Claims Act.[3]  Defendants submitted documents showing that in 2013,

27

28  ───────────────
    [3]   Generally, the court may not consider material beyond the pleadings in ruling on a motion to
    dismiss for failure to state a claim. The exceptions are material attached to, or relied on by, the

1   plaintiff submitted a claim to the Tort Claims Board alleging sexual battery.  (ECF No. 42-3 at 3-
2   14.)  On September 11, 2013, the Tort Claims Board sent plaintiff a letter informing him that his
3   claim did not comply with Government Code section 905.2(c), which requires him to pay a $25
4   filing fee.  (Id. at 15.)  The Tort Claims Board gave plaintiff instructions regarding how to submit
5   a timely and complete claim.  (Id.)  In November 2013, plaintiff submitted an application to
6   waive the filing fee.  (Id. at 16-17.)  Plaintiff also submitted a letter stating that he was still in the
7   process of obtaining the certified trust account statement, in support of his application to waive
8   the filing fee.  (Id. at 18.)

9          Defendants state that the documents attached to the request for judicial notice demonstrate
10   that, to date, plaintiff failed to submit the certified trust account statement and that the Board has
11   taken no action on plaintiff's claim.  Defendants go on to argue that more than a year has elapsed
12   since plaintiff's state claims accrued, and more than six months have elapsed since plaintiff was
13   given specific instructions from the Claims Board to enable him to submit a timely and complete
14   claim.

15          Plaintiff has presented no evidence that he presented a timely claim pursuant to the Claims
16   Act.  Defendants' evidence strongly suggests that plaintiff has failed to comply with the
17   requirements of the Claims Act.  For these reasons, to the extent plaintiff alleges state law claims,
18   defendants' motion to dismiss these claims should be granted.

19          Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this
20   order, defendant Curren shall show cause why default should not be entered for his failure to file
21   a timely response to the amended complaint; and
22   ////

23   _____

24   complaint so long as authenticity is not disputed, or matters of public record, provided that they
     are not subject to reasonable dispute.  E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2
25   (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed.
     R. Evid. 201).

26
27   Attached to the motion to dismiss is defendants' request for judicial notice of the documents filed
     by plaintiff related to his relevant tort claim.  (ECF Nos. 42-2, 42-3.)  Such documents are a
     matter of public record and are necessarily relied on by plaintiffs in bringing their state law
28   claims, and so the court takes judicial notice of these documents.

1   IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 42) be

2   granted; within twenty days of the adoption of these findings and recommendations, defendants

3   Delaney, May, Higgins, Gonzales, Scoggins, Meirs and Stewart be directed to file a response to

4   the amended complaint.

5   These findings and recommendations are submitted to the United States District Judge

6   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

10  objections shall be filed and served within fourteen days after service of the objections.  The

11  parties are advised that failure to file objections within the specified time may waive the right to

12  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  Dated:  January 28, 2015

14

15  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE
16

17  Far1751.mtd

18

19

20

21

22

23

24

25

26

27

28

10