UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM D. FARLEY,

           Plaintiff,

     v.

T. VIRGA, et al.,

           Defendants.

No.  2:13-cv-1751 WBS KJN P

ORDER

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's May 7, 2015 motion for injunctive relief.  (ECF No. 102.)  For the following reasons, the Warden of California State Prison-Corcoran ("Corcoran") is ordered to file a response.

      This action is proceeding on plaintiff's amended complaint filed November 13, 2013.  (ECF No. 11)  All events alleged occurred at California State Prison-Sacramento ("CSP-Sac"), where defendants are located.  Plaintiff alleges that he was sexually battered by defendants Delaney, Higgins, May, Gonzales and Scoggins.  Plaintiff also alleges that he was severely beaten in building B-3 less than an hour after defendant Meirs ordered him to go to there.

      Plaintiff is currently housed at Corcoran.  Plaintiff alleges that on April 30, 2015, his doctors at Corcoran reclassified him as Enhanced Outpatient ("EOP") status.  Plaintiff alleges that the only prison he can be transferred to with this new classification is CSP-Sac.  Plaintiff alleges that his life will be in danger if he is housed at CSP-Sac, where defendants are located.  Plaintiff

1 alleges that he is on a hunger strike to protest his transfer to CSP-Sac.

2       No defendants are located at Corcoran. Usually persons or entities not parties to an action

3 are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395

4 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the

5 court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs

6 "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of

7 law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United

8 States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court

9 plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the

10 exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d

11 1283, 1289 (9th Cir. 1979).

12       The undersigned is concerned by plaintiff's claim that he is on a hunger strike to protest a

13 transfer to a prison where he was allegedly sexually assaulted and beaten. For that reason, the

14 Warden of Corcoran is directed to file a status report addressing plaintiff's claim that he is set to

15 be transferred to CSP-Sac, and whether plaintiff's claims regarding being sexually assaulted and

16 beaten at that prison have been taken into account. The Warden shall also address the status of

17 plaintiff's alleged hunger strike.[1]

18       Accordingly, IT IS HEREBY ORDERED that:

19       1. The Clerk of the Court is directed to serve a copy of this order and plaintiff's May 7,

20 2015 motion for injunctive relief on the Warden of California State Prison-Corcoran, California

21 State Prison-Corcoran, P.O. Box 3461, Corcoran, California, 93212-3461;

22       2. Within ten days of the date of this order, the Corcoran Warden shall file the briefing

23 described above.

24 Dated: May 28, 2015

25

26 Far1751.otd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

27

28 [1] Records from the California Department of Corrections and Rehabilitation ("CDCR") indicate that as of May 27, 2015, plaintiff is still housed at Corcoran.