UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. FARLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>T. VIRGA, et al.,<br><br>    Defendants. | No. 2:13-cv-1751 WBS GGH P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's May 7, 2015 and June 15, 2015 motions for injunctive relief. (ECF Nos. 102, 106.) On June 18, 2015, California State Prison-Corcoran ("Corcoran") Warden Davey filed a response to plaintiff's May 7, 2015 motion. For the reasons stated herein, Warden Davey is directed to file a response to plaintiff's June 15, 2015 motion.

This action is proceeding on plaintiff's amended complaint filed November 13, 2013. (ECF No. 11.) All events alleged occurred at California State Prison-Sacramento ("CSP-Sac"), where defendants are located. Plaintiff alleges that he was sexually battered by defendants Delaney, Higgins, May, Gonzales and Scoggins. Plaintiff also alleges that he was severely beaten in building B-3 less than an hour after defendant Meiers ordered him to go there.

////

1

1    Plaintiff is currently housed at California State Prison-Corcoran ("Corcoran").  In the
2 motion for injunctive relief filed May 7, 2015, plaintiff alleged that on April 30, 2015, his doctors
3 at Corcoran reclassified him as Enhanced Outpatient ("EOP") status.  Plaintiff alleged that the
4 only prison he could be transferred to with this new classification was CSP-Sac.  Plaintiff alleged
5 that his life would be in danger were he housed at CSP-Sac, where defendants are located.
6 Plaintiff also alleged that he was on a hunger strike to protest his transfer to CSP-Sac.

7    In the motion for injunctive relief filed June 15, 2015, plaintiff alleged that defendant
8 Gonzales had been transferred to Corcoran.  Plaintiff alleged that defendant Gonzales was now in
9 charge of the building and officers that worked in the building where plaintiff was housed.

10    No defendants are located at Corcoran. Usually persons or entities not parties to an action
11 are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395
12 U.S. 100 (1969).  However, the fact that one is not a party does not automatically preclude the
13 court from acting.  The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs
14 "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of
15 law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United
16 States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court
17 plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the
18 exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d
19 1283, 1289 (9th Cir. 1979).

20    On May 28, 2015, pursuant to the All Writs Act, the undersigned directed the Corcoran
21 Warden to file a response to plaintiff's May 7, 2015 motion for injunctive relief.  (ECF No. 103.)
22 The Warden's June 8, 2015, request for extension of time to file a response stated that plaintiff
23 ended his hunger strike on May 8, 2015.  (ECF No. 105 at 3.)

24    On June 18, 2015, Corcoran Warden Davey filed a response.  (ECF No. 108.)  The
25 response states that on June 18, 2015, plaintiff appeared before a classification committee.  (Id. at
26 3.)  Plaintiff remains at the Enhanced Outpatient level of care in the Mental Health Services
27 Delivery System.  (Id.)  The committee considered that plaintiff had a "staff separation alert"
28 noted in his central file regarding CSP-Sac, and therefore decided not to transfer him there.  (Id.)

Instead, the committee endorsed plaintiff for transfer from Corcoran to the Psychiatric Services Unit at Pelican Bay State Prison ("PBSP"). (Id.) Plaintiff will be transferred to PBSP as soon as space on a transport bus is available. (Id.)

According to the California Department of Corrections ("CDCR") locator, plaintiff is still housed at Corcoran as of June 25, 2015. The undersigned is concerned by plaintiff's claim in his June 15, 2015 motion for injunctive relief that defendant Gonzales now works in the building where he is housed. It is unclear whether the "staff separation alert," mentioned by Warden Davey in his June 18, 2015 response, applies to defendant Gonzales.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before July 6, 2015, Warden Davey shall respond to plaintiff's claim that defendant Gonzales now works in the building where plaintiff is housed; Warden Davey shall also address the status of plaintiff's transfer to Pelican Bay State Prison;

2. The Clerk of the Court is directed to serve a copy of this order on Warden Davey, California State Prison-Corcoran, P.O. Box 3461, Corcoran, California, 93212-3461.

Dated: June 26, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Far1751.fb(2)

3